IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISON

| | |
|---|---|
| DEBRA CUMMINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00642 |
| ) | |
| GROUP ONE, INC., ) | |
| DASEKE COMPANIES, INC., ) | |
| DASEKE ST, LLC, and ) | |
| DASEKE, INC. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1441, 1367, and 1446, Defendants Group One, Inc., Daseke Companies, Inc., Daseke St, LLC, and Daseke, Inc. (collectively "Defendants") hereby remove this cause of action to the United States District Court for the Western District of Missouri, Western Division from the Circuit Court of Clay County, Missouri. In support of this Notice of Removal, Defendants state as follows:[1]

### I. PROCEDURAL BACKGROUND

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, for the reasons set forth below.

2. On or about June 30, 2020, Plaintiff Debra Cummins ("Plaintiff") commenced this action against Defendants in the Circuit Court of Clay County, Missouri (Case No.20CY-CV05454). *See* State Court Filing attached Exhibit B, which includes Plaintiff's Petition directed

---

[1] *See* Exhibit A, Civil Cover Sheet seeking removal to the Western District of Missouri.

at the Defendants, along with all process, pleadings, orders and other papers or exhibits on file with the state court and/or served on Defendants.

3. On or about July 2, 2020, Plaintiff contacted Defendants' counsel and asked if they were authorized to accept service. *See* Exhibit C.

4. On or about July 13, 2020, Defendants' counsel accepted service of the Petition. *See* Exhibit D.

5. Pursuant to 28 U.S.C. 1446(b), this Notice is filed within the 30-day period provided by law following service of process. No further proceedings have been held herein, nor have any other pleadings or papers been filed.

## II. NATURE OF THE CASE

6. Plaintiff's Petition consists of seven (7) counts which allege violations of:

    (a) the Missouri Human Rights Act (MHRA) -- Count I alleges "RETALIATION IN VIOLATION OF THE MHRA," Count II alleges "AGE DISCRIMINATION IN VIOLATION OF THE MHRA," and Count III alleges "SEX DISCRIMINATION IN VIOLATION OF THE MHRA";

    (b) the Age Discrimination in Employment Act (ADEA) – Count IV alleges "RETALIATION IN VIOLATION OF THE ADEA," and Count VI alleges "AGE DISCRIMINATION IN VIOLATION OF THE ADEA"; and

    (c) the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") – Count V alleges "RETALIATION IN VIOLATION OF TITLE VII," and Count VII alleges "SEX DISCRIMINATION IN VIOLATION OF TITLE VII"

7. Counts IV, V, VI, and VII expressly arise under federal law and plead only federal causes of action over which this Court has original and removal jurisdiction. This Court has supplemental jurisdiction over "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

8. As set forth below, this Court has subject matter jurisdiction and/or supplemental jurisdiction over this matter and removal is otherwise timely and proper.

### III. BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

9. The Court has original jurisdiction over this civil lawsuit under 28 U.S.C. § 1331 because Plaintiff's claims against Defendants implicate the laws of the United States. Specifically, Plaintiff's Petition asserts claims against Defendants for age and sex discrimination and retaliation in violation of the ADEA and Title VII. *See* Exhibit B, Petition, pp. 17-24

10. The Petition establishes federal question jurisdiction, and this Court has original subject-matter jurisdiction over Plaintiff's ADEA and Title VII claims.

11. A district court may exercise supplemental jurisdiction over state law claims that form part of the same case or controversy. *See* 28 U.S.C. § 1367. Section 1367 provides the following, in pertinent part:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

12. State-law claims form the same case or controversy when they derive from a common nucleus of operative fact. *Hudson Farm Partnership v. City of Kansas City*, 2013 WL 12205638, *1 (W.D. Mo. November 6, 2013) (citing *ABF Freight Sys., Inc. v. Int'l Bhd. Of Teamsters,* 645 F.3d 954, 963 (8th Cir. 2011). The requirement under section 1367(a) for a court

to exercise supplemental jurisdiction is satisfied where a plaintiff "would ordinarily expect to try them all in one judicial proceeding." *Hudson Farm Partnership*, 2013 WL 12205638 at *1.

13. This Court has supplemental jurisdiction over Plaintiff's MHRA claims because the claims are sufficiently related to Plaintiff's Title VII and ADEA claim. Plaintiff initiated a single proceeding to try all 7 claims. Further, Plaintiff's MHRA causes of action rely on the same set of underlying facts as the Title VII and ADEA causes of actions. Specifically, Plaintiff's claims against the Defendants arise out of and the alleged discriminatory and retaliatory conduct that she claims occurred during her employment with Defendant Group One, Inc. *See Exhibit B,* Petition. This is emphasized by the fact that the language in the MHRA Counts (Count I, II, and III) is nearly verbatim of the language included in the corresponding ADEA and Title VII Counts (Counts IV, V, VI, and VII). *See Exhibit B,* Petition, pp. 13-24

14. Further, Plaintiff's lawsuit includes a single section containing "Allegations Common to All Counts" that necessarily includes the factual allegations forming the basis of all claims alleged by Plaintiff in the Petition, which shows that the MHRA claims concern the same core factual issues as the Title VII and ADEA claim. *See Exhibit B,* Petition, pp. 4-13. As such, this Court has supplemental jurisdiction over the MHRA claims. 28 U.S.C. § 1367.

### IV. VENUE AND PROCEDURAL MATTERS

15. Venue for this removal action is proper in the United States District Court for the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of Clay County, Missouri, in which Plaintiff filed her Petition. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

16. Through service on its counsel, Plaintiff served Defendants with the Summons and Petition on July 13, 2020, 2020. Pursuant to 28 U.S.C. § 1446(b), Defendants have therefore

timely filed this Notice of Removal within 30 days of receiving service of Plaintiff's Petition, the initial pleading setting forth the claims for relief and containing grounds for removal.

17. No claim in this matter has been made non-removable by statute..

18. Defendants attach the court file, which includes any and all process, pleadings, and orders served upon it, as Exhibit B, as required by 28 U.S.C. § 1446(a).

19. Defendants will provide written notice to Plaintiff and file a copy of this Notice with the Circuit Court of Clay County, Missouri, as required by 28 U.S.C. § 1446(d).

## V. CONCLUSION

20. As established above, the Court has original and supplemental jurisdiction over this civil lawsuit under 28 U.S.C. § 1331 and 1367.

21. Defendants reserve the right to amend or supplement this Notice of Removal.

22. Defendants reserve any and all substantive and procedural defenses to the claims alleged by Plaintiff.

**WHEREFORE**, Defendants respectfully request that the above-captioned matter, now pending against it in the Circuit Court of Clay County, Missouri, Case No. 20CY-CV05454, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the action.

Respectfully Submitted,

*/s/ Katherine T. Pearlstone*

| | |
|---|---|
| Paul F. Pautler, Jr. | MO Bar No. 38057 |
| Katherine Pearlstone | MO Bar No. 69272 |

Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
paul.pautler@huschblackwell.com
kat.pearlstone@huschblackwell.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of August, 2020 a copy of the above and foregoing was served via electronic mail and by depositing same in the United States Mail, postage prepaid to:

Kristi L. Kingston
Employee & Labor Law Group of Kansas City LLC
12920 Metcalf Avenue, Suite 180
P.O. Box 25843
Overland Park, Kansas 66225
kristi@elgkc.com

**Attorneys for Plaintiff**

*/s/ Katherine T. Pearlstone*
**Attorney for Defendants**