

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess  Logoff AGGRICE2010

## 20CY-CV05454 - DEBRA CUMMINS V GROUP ONE INC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

**Sort Date Entries:** ○
Descending
● Ascending

**Display Options:**
All Entries ▼

---

**06/30/2020** ☐ **Judge Assigned**

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
    **Filed By:** KRISTI LYNN KINGSTON
    **On Behalf Of:** DEBRA CUMMINS

☐ **Filing Info Sheet eFiling**
    **Filed By:** KRISTI LYNN KINGSTON

**07/02/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-755, for GROUP ONE INC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-756, for DASEKE COMPANIES INC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-757, for DASEKE ST LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-758, for DASEKE INC.

---

**EXHIBIT B**

Case 4:20-cv-00642-BP   Document 1-2   Filed 08/12/20   Page 1 of 29

Electronically Filed - Clay - June 30, 2020 - 11:26 AM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | |
|---|---|
| **DEBRA CUMMINS,** ) | |
| 101 N. Francis Street ) | |
| Excelsior Springs, Missouri 64024, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | Division: |
| **GROUP ONE, INC.,** ) | |
| a Missouri Corporation, ) | |
| ) | |
| and ) | |
| ) | |
| **DASEKE COMPANIES, INC.,** ) | |
| a Foreign Corporation, ) | |
| ) | |
| and ) | |
| ) | |
| **DASEKE ST, LLC,** ) | |
| a Foreign Corporation, ) | |
| ) | |
| and ) | |
| ) | |
| **DASEKE, INC.,** ) | |
| a Foreign Corporation, ) | |
| ) | |
| Defendants. ) | |

<u>**PETITION FOR DAMAGES**</u>
<u>**(TJ)**</u>

Plaintiff Debra Cummins states the following as her causes of action against Defendants

Group One, Inc., Daseke Companies, Inc., Daseke ST, LLC, and Daseke, Inc.

1.      Plaintiff Debra Cummins (Plaintiff) was born in 1965 and is a 54-year-old female

resident of Excelsior Springs, Clay County, Missouri.

2.      Defendant Group One, Inc. (Defendant Group One) is a Missouri corporation

authorized to do business in the State of Missouri that transacts business in Clay County,

Missouri.

1

3.      Defendant Group One is an employer as defined by, and within the meaning of, the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010(7).

4.      Defendant Group One is an employer as defined by, and within the meaning of, the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 630, as Defendant Group One was engaged in an industry affecting commerce who had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of Plaintiff's employment with Defendant Group One.

5.      Defendant Group One is an employer as defined by, and within the meaning of, Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000 et seq.

6.       Defendant Daseke Companies, Inc. (Defendant Daseke Companies) is a foreign corporation out of Delaware that is registered to conduct business in Missouri that transacts business in Clay County, Missouri.

7.      Defendant Daseke Companies is an employer as defined by, and within the meaning of, the MHRA, Mo. Rev. Stat. § 213.010(7).

8.      Defendant Daseke Companies is an employer as defined by, and within the meaning of, the ADEA, 29 U.S.C. § 630, as Defendant Daseke Companies was engaged in an industry affecting commerce who had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of Plaintiff's employment with Defendant Daseke Companies.

9.      Defendant Daseke Companies is an employer as defined by, and within the meaning of, Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000 et seq.

2

10.     Defendant Daseke ST, LLC (Defendant Daseke ST) is a foreign corporation out of Delaware that transacts business in Clay County, Missouri.

11.     Defendant Daseke ST is an employer as defined by, and within the meaning of, the MHRA, Mo. Rev. Stat. § 213.010(7).

12.     Defendant Daseke ST is an employer as defined by, and within the meaning of, the ADEA, 29 U.S.C. § 630, as Defendant Daseke ST was engaged in an industry affecting commerce who had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of Plaintiff's employment with Defendant Daseke ST.

13.     Defendant Daseke ST is an employer as defined by, and within the meaning of, Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000 et seq.

14.     Defendant Daseke, Inc. is a foreign corporation out of Delaware that transacts business in Clay County, Missouri.

15.     Defendant Daseke, Inc. is an employer as defined by, and within the meaning of, the MHRA, Mo. Rev. Stat. § 213.010(7).

16.     Defendant Daseke, Inc. is an employer as defined by, and within the meaning of, the ADEA, 29 U.S.C. § 630, as Defendant Daseke, Inc. was engaged in an industry affecting commerce who had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of Plaintiff's employment with Defendant Daseke, Inc.

17.     Defendant Daseke, Inc. is an employer as defined by, and within the meaning of, Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000 et seq.

18.     Plaintiff asserts these claims pursuant to § 213.010, et seq. of the MHRA; the ADEA, 29 U.S.C. § 621 (1967), et seq.; and Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000 et seq.

19.     Venue is proper because the events giving rise to Plaintiff's claims occurred in North Kansas City, Clay County, Missouri.

20.     Plaintiff timely filed Charges of Discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) alleging Defendants engaged in discriminatory actions that are being raised in this lawsuit or, alternatively, alleged conduct within the scope of the administrative investigation which could reasonably be expected to grow out of the Charges of Discrimination.

21.     The MCHR and the EEOC issued Plaintiff Notice of Right to Sues and this action is being brought within ninety (90) days from the issuance of such Notice of Right to Sues.

22.     Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

## ALLEGATIONS COMMON TO ALL COUNTS

23.     In May 2016, Plaintiff began working for Defendant Group One, Inc. in North Kansas City, Missouri.

24.     Up until approximately July 2017, Jim Towery, President of The Steelman Companies, and Brett Sheets, Vice-President of The Steelman Companies, owned and operated both Steelman Transportation, Inc. and Defendant Group One.

4

25.     In or around April 2017, Wayne Sheets (Sheets), a male in his thirties, was hired to be General Manager of Defendant Group One, and Roger Grisham, a male in his late sixties, was demoted from General Manager to Operations Manager before being forced to retire.

26.     Wayne Sheets is Brett Sheet's nephew.

27.     In approximately July 2017, Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. merged with the Steelman Companies and/or Defendant Group One.

28.     Defendant Daseke Companies, Defendant Daseke ST, and Defendant Daseke, Inc. are parent companies of Defendant Group One.

29.     After the merger, Defendant Group One and Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc.'s operations were interrelated, there was common management, there was centralized control of labor relations, and/or there was common ownership or financial control, including, but not limited to, the following:

    a.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. provided human resource services to Defendant Group One;

    b.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. responded to complaints of workplace discrimination made by employees of Defendant Group One;

    c.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. provided insurance to employees of Defendant Group One;

    d.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. provided and controlled the 401(k) retirement plan for Defendant Group One;

e.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. gifted stock to employees of Defendant Group One;

f.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. controlled the accounting/bookkeeping methods used by Defendant Group One;

g.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. controlled the technology used by Defendant Group One;

h.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. required Defendant Group One to report its monthly expenditures to Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc.;

i.     Defendant Group One departments reported to Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc., including providing expenditure reports, hiring and firing reports, accident reports, damage claim reports, safety reports, accounting/booking reports, and equipment purchase reports;

j.     Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. negotiated fuel, equipment, and supply ordering, purchasing, and/or pricing for Defendant Group One, including controlling what fuel network Defendant Group One used;

k.     The signature blocks of Defendant Group One employees stated, "Group One, Inc., a Daseke Company;"

6

l. Employees of Defendant Group One and Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. worked together and participated in joint meetings and telephone calls; and

m. Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. and Defendant Group One shared common board of director members.

30. During her employment, Plaintiff worked in the driveaway side of Defendants' business, including overseeing dispatch, serving as a recruiter, and working in operations.

31. At the time of her termination, Plaintiff's job title was Logistics Coordinator/Customer Liaison.

32. After Wayne Sheets became Defendant Group One's General Manager, Plaintiff witnessed numerous examples of sex discrimination, including pay inequalities between male and female employees, and age discrimination.

33. With respect to sex discrimination, Plaintiff was subjected to different terms and conditions of employment and disparate treatment based on her sex, female, after Wayne Sheets became General Manager. The following are examples of discriminatory conduct that women, including Plaintiff, experienced:

a. Female employees who replaced male employees were not given the title and/or pay of the male employee. For instance, after the male Operations Manager Mike Clewell, who was in his fifties, was terminated in or around September or October 2017, Wayne Sheets and Russ Swartz (Swartz), both males, asked Plaintiff to take over some of his responsibilities and to also assume the responsibilities of the General

7

Manager of Driveaway Operations. However, neither Plaintiff's compensation package nor her job title was ever changed to reflect her new responsibilities.

b.     Female employees were paid less than male employees for the same or substantially similar work. For example, a male employee (Troy Jeffries) in the billing department was paid a salary whereas the female employees (Mary Stevenson, Janessa Johnson, and Rikki Peppers) in the billing department are hourly employees who were paid less than this male employee. As another example, a male Safety Assistant (Joel Garcia), who had no previous experience, was paid more after being hired than the female (Tolli Hamilton) in that same position. The female Safety Assistant was then demoted to the position of Log Auditor.

34.     After Wayne Sheets took over as General Manager, he engaged in a pattern and practice of age discrimination, including hiring/promoting younger employees who were in their twenties or thirties to work for Defendant Group One, Inc. and firing employees over the age of forty, including, but not limited to, the following examples:

a.     Sheets repeatedly preached to employees the need to bring millennials into the company. During a meeting in or around October 2018, Sheets announced he had hired his dream team, all of whom were under the age of thirty-five and possessed little to no experience. After their hire, Sheets made a point of reaching out to connect with the young, new hires multiple times each day, but failed to do the same with the older, more experienced employees. Sheets also included these younger, new hires in

his brainstorming and decision-making meetings and excluded the older, more experienced employees. Sheets also took the younger, new hires out to lunch, but he did not include the older, more experienced employees. Additionally, Sheets did not hold the younger, new hires to the same performance and/or attendance standards as the older, more experienced employees.

b.    In or around early January 2019, Sheets hired Chris Hadley (Hadley), a male with no logistics or driveaway experience in his early thirties, to be the General Manager of Driveaway Operations. Sheets also hired Joel Garcia, a male in his thirties, to work as the Assistant Director of Safety; Thoney Raspangthong, a male in his thirties, to be the Director of Maintenance; Rikki Peepers, a female in her twenties to work as a dispatcher, later transferring her to the billing department; Natalie Ganoe, a female in her thirties, to work in dispatch and operations; Jordan Hazelwood, a female in her twenties, to work as a Recruiter; Janessa Johnson, a female in her twenties, to work in reception and payroll; Kallie Holt, a female in her thirties, to be the Director of Safety; and Shallie Noecker, a female in her twenties, to work as a Recruiter. Sheets also rehired Melanie Govers (Govers), a female in her twenties to work as a Dispatcher, after she failed to show up for work after her initial hiring.

c.    Sheets began demoting and/or firing a number of older employees, including demoting Russ Swartz (Swartz), a male in his sixties, from his position as General Manager of Driveaway Operations to a sales agent

position. With respect to Swartz, Sheets commented that Swartz was too close to retiring to continue to hold the General Manager position. After demoting Swartz, Sheets did not post the job opening for the open General Manager position so neither Plaintiff nor other qualified women at the company could apply for the position. Rather, Sheets hired Hadley and had Plaintiff train him. Hadley was not as qualified for the position as Plaintiff, given that Plaintiff had been performing the job responsibilities of that position for approximately seven months and given that Plaintiff had successfully served as the General Manager for another driveaway division for nine years. Like Swartz, Sheets also told Plaintiff that she was too close to retiring to hold the General Manager position, despite the fact that Plaintiff was not planning on retiring for another fifteen years. In fact, Sheets (falsely) announced at a staff meeting in October 2018 that Swartz and Plaintiff were looking to retire.

d.     Sheets demoted Tommy Carroll, the Operations Manager who was in his late fifties/early sixties, and he fired Victor Bernard, a Warehouse Manager who was approximately 52 years old; Theresa Bernard, the Receptionist, who was in her mid-fifties; Rick Hamilton (Hamilton), a Dispatcher who was approximately 59 years old (Sheets told Plaintiff he let Hamilton go because he allegedly did not fit the company image); Richard Banks, a Driver Trainer who was approximately 59 years old; and Rowanna "Gaye" Banks, the Director of Safety who was approximately 58 years old. Also, after Sheets took over as General Manager, it is

Plaintiff's understanding that Roger Grisham, who was approximately 68 years old, was forced to retire after his demotion.

35.     On or about January 28, 2019, Plaintiff sent a letter to Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc.'s Human Resources Department and reported the sex and age discrimination that she, as well as others, had been experiencing.

36.     Plaintiff also reported to Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc.'s Human Resources Department what she believed to be sexual harassment/hostile work environment as it related to Wayne Sheets' relationship with and sexual interest in Jordan Hazelwood, a young female Recruiter Sheets hired.

37.     On February 11, 2019, Plaintiff sent an email to Soumit Roy (Roy), General Counsel for Defendant Daseke Companies, Defendant Daseke ST, and/or Defendant Daseke, Inc. and reported that she felt that her daughter Rebecca Bohannon was being retaliated against because of her complaints of discrimination/harassment.

38.     In her email to Roy, Plaintiff also reiterated that she wanted to see "women and people of age within the company treated fairly and just."

39.     On February 25, 2019, Roy responded to Plaintiff's email and asked to set up a telephone call with her.

40.     Plaintiff wrote him back that same day and provided her availability.

41.     Roy and Plaintiff spoke on or about March 12, 2019.

42.     During the conversation, Plaintiff went over the content of the letter she had written.

11

43.     Roy told Plaintiff he would be back in touch with her, but she never heard back from him.

44.     In April, Plaintiff emailed him to follow-up, but, again, Plaintiff did not hear back from Roy.

45.     In January 2019, Plaintiff's two percent commission pay that she had been receiving on the clients she had brought in to the company was taken away from her and given to Swartz.

46.     After Plaintiff complained, her commissions were partially restored in June 2019, but then the commissions were taken away from her again in July 2019 and given back to Swartz.

47.     Defendants did not change Plaintiff's responsibilities for retaining and maintaining customers after taking away her commission pay.

48.     Defendants also denied Plaintiff's request (first made in April 2019) to attend the women in trucking conference and her request (first made in May 2019) to be certified as a Safety Director.

49.     In comparison, the company paid for male employees to attend out of state conferences and events, including Sheets taking Hadley and Swartz to the Sturgis Motorcycle Rally and allowing Swartz to attend the Used Truck Association (UTA) conferences in Florida and Nevada.

50.     On or around August 8, 2019, Plaintiff told Hadley, the General Manager of Driveaway Operations, that the company was engaging in unfair pay discrimination against her, and Plaintiff also discussed with him examples of how men were being paid more than women in the company.

12

51.     On August 13, 2019, Brett Sheets told Plaintiff she was fired and that the company "no longer needed her services."

52.     Hadley and Rebecca Bohannon, a Dispatcher, were present when Plaintiff was fired.

53.     At the time of her termination, Plaintiff had been performing her job well and had never received any discipline.

54.     In fact, Plaintiff had received a performance-based raise in January 2019, prior to her complaints of discrimination and harassment.

55.     It is Plaintiff's understanding that Melanie Govers took over her job responsibilities after she was fired.

## COUNT I
## RETALIATION IN VIOLATION OF THE MHRA

56.     Plaintiff incorporates by reference into Count I of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

57.     Plaintiff engaged in protected activity by, including without limitation, reporting to Defendants her good faith belief and/or reasonable belief that she was being discriminated against because of her age and/or sex, female, for reporting what Plaintiff believed to be sexual harassment/hostile and offensive work environment as it related to Sheet's relationship and sexual interest in Hazelwood, for reporting retaliation against her daughter, and/or for reporting illegal pay discrimination with respect to male employees being paid more than female employees.

58.     Because Plaintiff engaged in one or more of the above-referenced protected activities, Defendants retaliated against Plaintiff, including, but not limited to, by taking away her commissions, denying her request to attend a trucking conference, denying her request to be

13

certified as a Safety Director, and terminating her employment in violation of Mo. Rev. Stat. § 213.070.

59.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

60.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

61.     Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

62.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for actual, compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF THE MHRA**

63.     Plaintiff hereby incorporates by reference into Count II of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

14

64. Defendants discriminated against Plaintiff in the terms and conditions of her employment and/or engaged in a pattern of discrimination because of her age, including, but not limited to, failing to change Plaintiff's pay or title to reflect the responsibilities she performed as the Operations Manager and/or General Manager of Driveaway Operations, excluding Plaintiff from brainstorming and decision-making meetings, holding Plaintiff to higher performance and/or attendance standards than younger employees, taking away Plaintiff's commissions, denying Plaintiff's request to attend a trucking conference, denying Plaintiff's request to be certified as a Safety Director, and terminating her employment in violation of Mo. Rev. Stat. § 213.055.

65. Further, Defendants' General Manager's practice of hiring and promoting individuals under the age of forty (40) and firing employees over the age of forty (40), his ageist comments and actions, and his disparate treatment of Plaintiff and other employees over the age of forty (40) constitute discrimination because of age in violation of Mo. Rev. Stat. § 213.055.

66. All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

67. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

15

68.     Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

69.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for actual, compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

**COUNT III**
**SEX DISCRIMINATION IN VIOLATION OF THE MHRA**

70.     Plaintiff hereby incorporates by reference into Count III of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

71.     Defendants discriminated against Plaintiff in the terms and conditions of her employment because of her sex, female, including, but not limited to, paying Plaintiff and other female employees less than male employees for the same and/or substantially similar work, failing to provide Plaintiff and other female employees the same job titles as male employees who performed the same and/or substantially similar work, excluding Plaintiff from brainstorming and decision-making meetings, taking away Plaintiff's commissions, denying Plaintiff's request to attend a trucking conference, denying Plaintiff's request to be certified as a Safety Director, and terminating her employment in violation of Mo. Rev. Stat. § 213.055.

72.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

73.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

74.     Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

75.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for actual, compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

<u>**COUNT IV**</u>
<u>**RETALIATION IN VIOLATION OF THE ADEA**</u>

76.     Plaintiff hereby incorporates by reference into Count IV of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

77.     Plaintiff engaged in protected activity under 29 U.S.C. §623(d) by reporting to Defendants her good faith belief and/or reasonable belief that she was being discriminated against by Defendants because of her age and/or sex, female, for reporting what Plaintiff believed to be sexual harassment/hostile and offensive work environment as it related to Sheet's relationship and sexual interest in Hazelwood, for reporting retaliation against her daughter,

17

and/or for reporting illegal pay discrimination with respect to male employees being paid more than female employees.

78.     Because Plaintiff engaged in one or more of the above-referenced protected activities, Defendants retaliated against Plaintiff and subjected her to adverse employment actions, including, but not limited to, by taking away her commissions, denying her request to attend a trucking conference, denying her request to be certified as a Safety Director, and terminating her employment.

79.     Defendants would not have taken adverse actions against Plaintiff but for Plaintiff's acts of reporting unlawful discrimination in the workplace.

80.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

81.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; and emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

82.     Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damage, and/or Defendants' conduct was willful and showed reckless disregard of the law, thereby entitling Plaintiff to an award of liquidated damages.

83.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for actual, compensatory, and punitive or liquidated damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

<u>**COUNT V**</u>
<u>**RETALIATION IN VIOLATION OF TITLE VII**</u>

84.     Plaintiff hereby incorporates by reference into Count V of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

85.     Plaintiff engaged in protected activity by reporting to Defendants her good faith belief and/or reasonable belief that she was being discriminated against by Defendants because of her age and/or sex, female, for reporting what Plaintiff believed to be sexual harassment/hostile and offensive work environment as it related to Sheet's relationship and sexual interest in Hazelwood, for reporting retaliation against her daughter, and/or for reporting illegal pay discrimination with respect to male employees being paid more than female employees.

86.     Because Plaintiff engaged in one or more of the above-referenced protected activities, Defendants retaliated against Plaintiff and subjected her to adverse employment actions, including, but not limited to, by taking away her commissions, denying her request to attend a trucking conference, denying her request to be certified as a Safety Director, and terminating her employment.

19

87.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

88.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; and emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

89.     Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

90.     Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for actual, compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

<u>**COUNT VI**</u>
<u>**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**</u>

91.     Plaintiff hereby incorporates by reference into this Count VI of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

92.     Defendants discriminated against Plaintiff in the terms and conditions of her employment and/or engaged in a pattern of discrimination because of her age, including, but not

limited to, failing to change Plaintiff's pay or title to reflect the responsibilities she performed as the Operations Manager and/or General Manager of Driveaway Operations, excluding Plaintiff from brainstorming and decision-making meetings, holding Plaintiff to higher performance and/or attendance standards than younger employees, taking away Plaintiff's commissions, denying Plaintiff's request to attend a trucking conference, denying Plaintiff's request to be certified as a Safety Director, and terminating her employment.

93.     Further, Defendants' General Manager's practice of hiring and promoting individuals under the age of forty (40) and firing employees over the age of forty (40), his ageist comments and actions, and his disparate treatment of Plaintiff and other employees over the age of forty (40) constitute discrimination because of age

94.     Plaintiff's age was the "but for" factor in Defendants' decision to discriminate against her in the terms and conditions of her employment as set forth herein.

95.     Plaintiff complained about Defendants' discriminatory actions to Plaintiff and demanded that the discrimination cease.

96.     Defendants knew, or should have known, of the illegal age discrimination against Plaintiff and other similarly-situated employees.

97.     Defendants failed to take prompt and appropriate corrective action to end the discrimination against Plaintiff and other similarly-situated employees.

98.     Defendants failed to make good faith efforts to enforce their policies to prevent discrimination against their employees, including Plaintiff.

99.     All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

21

100.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits.

101.     Defendants' conduct was willful and showed reckless disregard of the law, thereby entitling Plaintiff to an award of liquidated damages.

102.     Further, Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for actual, compensatory, and liquidated damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper

<u>COUNT VII</u>
<u>SEX DISCRIMINATION IN VIOLATION OF TITLE VII</u>

103.     Plaintiff hereby incorporates by reference into Count VII of Plaintiff's Petition for Damages all allegations contained in all preceding paragraphs herein against Defendants.

104.     Defendants discriminated against Plaintiff in the terms and conditions of her employment because of her sex, female, including, but not limited to, paying Plaintiff and other female employees less than male employees for the same and/or substantially similar work, failing to provide Plaintiff and other female employees the same job titles as male employees who performed the same and/or substantially similar work, excluding Plaintiff from brainstorming and decision-making meetings, taking away Plaintiff's commissions, denying Plaintiff's request to attend a trucking conference, denying Plaintiff's request to be certified as a Safety Director, and terminating her employment.

105.     Plaintiff's sex, female, was a motivating factor in Defendants' decision to discriminate against her in the terms and conditions of her employment as set forth herein.

22

106.    Plaintiff complained about Defendants' discriminatory actions to Defendants and demanded that the discrimination cease.

107.    Defendants knew, or should have known, of the illegal sex discrimination against Plaintiff and other similarly-situated employees.

108.    Defendants failed to take prompt and appropriate corrective action to end the discrimination against Plaintiff and other similarly-situated employees.

109.    Defendants failed to make good faith efforts to enforce their policies to prevent discrimination against their employees, including Plaintiff.

110.    All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

111.    As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

112.    Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, reckless indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

113.    Plaintiff is entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for actual, compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Petition that are triable before a jury.

Respectfully submitted,

**EMPLOYEE & LABOR LAW GROUP OF KANSAS CITY, LLC**

By: ___/s/Kristi L. Kingston_____
      Kristi L. Kingston, Mo. Bar No. 46539
      12920 Metcalf Avenue, Suite 180
      P.O. Box 25843
      Overland Park, Kansas 66225
      Ph:    (913) 286-5200
      Fax:   (913) 286-5201
      Email: kristi@elgkc.com

**ATTORNEY FOR PLAINTIFF**



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV05454 |
|---|---|
| Plaintiff/Petitioner:<br>DEBRA CUMMINS<br><br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KRISTI LYNN KINGSTON<br>12920 Metcalf Avenue<br>Suite 180<br>PO Box 25843<br>Overland Park, KS 66225 |
| Defendant/Respondent:<br>GROUP ONE INC | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** GROUP ONE INC
Alias:

***COURT SEAL OF***

**CIRCUIT COURT OF MISSOURI**

***CLAY COUNTY***

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

|  |  |
|---|---|
| _____7/2/2020_____ | _____BARB WILMOT_____ |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-755** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY) 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00642-BP   Document 1-2   Filed 08/12/20   Page 26 of 29



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | Case Number:  20CY-CV05454 |
| Plaintiff/Petitioner:<br>DEBRA CUMMINS | Plaintiff's/Petitioner's Attorney/Address<br>KRISTI LYNN KINGSTON<br>12920 Metcalf Avenue<br>Suite 180<br>PO Box 25843<br>Overland Park, KS  66225 |
| **vs.** | |
| Defendant/Respondent:<br> GROUP ONE INC | Court Address:<br>11 S WATER<br>LIBERTY, MO  64068 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  DASEKE COMPANIES INC**
**Alias:**

***COURT SEAL OF***

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| _____7/2/2020_____ | _____BARB WILMOT_____ |
| Date | Clerk |

***CLAY COUNTY***

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

       **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____

                             Date                     Notary Public

| | |
|---|---|
| **Sheriff's Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | **Case Number:  20CY-CV05454** |
| Plaintiff/Petitioner:<br>DEBRA CUMMINS | Plaintiff's/Petitioner's Attorney/Address<br>KRISTI LYNN KINGSTON<br>12920 Metcalf Avenue<br>Suite 180<br>PO Box 25843<br>Overland Park, KS  66225 |
| **vs.** | |
| Defendant/Respondent:<br> GROUP ONE INC | Court Address:<br>11 S WATER<br>LIBERTY, MO  64068 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | *(Date File Stamp)* |

## Summons in Civil Case

**The State of Missouri to:  DASEKE ST LLC**
**Alias:**

***COURT SEAL OF***

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

       7/2/2020                                    BARB WILMOT
_____      _____
             Date                                     Clerk

***CLAY COUNTY***

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
       Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                Date                         Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document ID# 20-SMCC-757 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY) 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00642-BP   Document 1-2   Filed 08/12/20   Page 28 of 29



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | **Case Number: 20CY-CV05454** |
| Plaintiff/Petitioner:<br>DEBRA CUMMINS | Plaintiff's/Petitioner's Attorney/Address<br>KRISTI LYNN KINGSTON<br>12920 Metcalf Avenue<br>Suite 180<br>PO Box 25843<br>Overland Park, KS 66225 |
| **vs.** | |
| Defendant/Respondent:<br> GROUP ONE INC | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **DASEKE INC**
**Alias:**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CLAY COUNTY*

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| _____7/2/2020_____ | _____BARB WILMOT_____ |
|---|---|
| Date | Clerk |

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____               _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____                    _____
Date                                        Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document ID# 20-SMCC-758**         1 of 1         Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00642-BP   Document 1-2   Filed 08/12/20   Page 29 of 29